IN

# THE SUPREME ·COURT

OF

# THE STATE OF MISSOURI,

JANUARY TERM, 1867, AT JEFFERSON CITY.

———————+•+———————

EDWIN S. GARTON, Plaintiff in Error, *v.* HUGH H. CANNADA AND WM. H. CAMPBELL, Defendants in Error.

1. *Lands and Land Titles—Public Lands—Graduation—Entries.*—The act of Congress, 10 U. S. Stat. 574, called the Graduation Act, conferred the right of entry under its provisions upon persons who were capable of acting and contracting for themselves, and not upon those who were subject to the dominion of another.
2. *Lands and Land Titles — Land Office — Jurisdiction — Courts.*—Where the officers of the Land Department of the United States act in violation of or without authority of law, their action is subject to the revision of the courts; but where they act in a judicial capacity, or exercise a discretionary authority, their acts cannot be reviewed.
3. *Practice—Amendments.*—Where the evidence is closed and the cause submitted to the court, the defendant should not be allowed to amend his answer by introducing a new defence without giving the plaintiff an opportunity to meet such defence.

### *Error to Pettis Circuit Court.*

On the 6th day of April, 1860, the plaintiff Edwin S. Garton commenced his action of ejectment against the defendant Hugh H. Cannada for the recovery of the possession of the

following real estate, situate in Pettis county : the S.W. ¼ of the N.E. ¼, the N.W. ¼ of the S.E. ¼, and S.W. ¼ of section 30, T. 46, R. 23 W.

On the 2d May, 1860, the defendant Cannada filed his answer to plaintiff's petition, denying generally the allegations of plaintiff, and also setting up a suit commenced by William H. Campbell (who sued by his next friend, Colon C. Campbell) for the possession of the land in controversy.

On the 12th May, 1860, Wm. H. Campbell was made codefendant, and filed his answer, setting up in substance the same facts that are contained in Cannada's answer. Campbell claimed to be lessor of Cannada. On 25th March, 1861, the defendant Campbell filed an amended answer in said cause, and the same was continued from term to term until November 2, 1863.

The plaintiff asked the court to declare the law to be as follows :

1. The Government of the United States has the exclusive right of making the primary disposal of the soil of this State, and the acts of Congress and regulations made by and pursuant to said acts for the primary sale and disposal of such soil, and also for securing title in the same to the *bona fide* purchaser, are the paramount laws of the land upon this subject.

2. If the court finds from the evidence that the defendant Campbell entered the land in question at one of the local land offices in this State, in the year 1854, and that afterwards, and before any patent issued from the U. S. Government, the plaintiff Garton also entered the same lands, or offered to do so, and contested the right of said defendant to complete and perfect his said entry (for the reason that he, defendant, was at the time a minor, or for any other valid reason) before the Commissioner of the General Land Office of the United States, and that at or upon the trial of said contested matter said Commissioner made and rendered a decision cancelling the entry so made by said Campbell, and authorized plaintiff to enter or perfect his said entry, then

such decision and order of said Commissioner was and is final and conclusive upon said parties in regard to said subject matter of said contest.

3. The title in fee to the lands in question remains in the United States till the patent issued; and in this case the patent read upon the trial furnishes the superior evidence of legal title in the plaintiff.

4. The patent read upon the trial is conclusive evidence of the facts that the legal title to the lands in question emanated from the United States, and vested in fee in the plaintiff Edward S. Garton on the 4th day of November, 1857.

5. The certificate of purchase or duplicate offered by defendant in evidence are not of equal dignity with the patent offered by plaintiff, and it is not in the power of the State to declare or make them so.

6. The record and judgment offered by defendant in case of Campbell v. Garton constitutes no bar to this action, and the same are excluded from the consideration of the court in forming its verdict upon the facts in this case.

The court gave the 1st, 3d, 4th, 5th and 6th instructions, and refused to give the 2d; to which the plaintiff excepted.

The court took the case under advisement until the May term, 1864, at which term the defendant Campbell was permitted, against the objections of the plaintiff, to file another amended answer, which answer the plaintiff moved to strike out; and the court took said motion and cause again under advisement from term to term until the May term, 1866, at which time the court overruled the motion to strike out the amended answer, and the court then, on its own motion, gave the following declaration of law, to-wit: "In this case, the court declares the law to be that the patent read in evidence vested the legal title in fee to the plaintiff. But the court further declares the law to be that if the defendant had previously entered the land as set forth in the answer, and the plaintiff afterwards, with knowledge of said entry, obtained the patent thereto in the manner and under the circumstances set forth in defendant's answer, then such

title, so acquired by plaintiff, was and is held in trust for the defendant Campbell." To the giving of which instruction plaintiff excepted.

*Stephens, Draffin,* and *Hutchinson & Muir,* for plaintiff in error.

I. A patent carries the whole legal title to the patentee, and the presumption of law is, that all preliminary steps have been complied with and in favor of its validity; and the decision of the Commissioner, in vacating the defendant's entry of the land in controversy, was and is final and conclusive upon the parties to this suit—Hill v. Miller, 36 Mo. 182.

II. A minor who was not the head of a family could not make a legal entry of land under the graduation act of Congress of August 4, 1854.—Att'y General's opinion, July 28, 1855; Lester's Land Laws, 477–8; Circulars of Instruction of Commissioner, Oct. 30, 1854; Lester's Land Laws, 466.

The amendatory act of Congress of March 3, 1857, has nothing to do with this case, as it was passed after the defendant's entry had been annulled and vacated, and after the plaintiff had been permitted to make his entry, and defendant's entry was annulled for evasion of law or special cause.

*Hicks* and *Phillips,* for defendants in error.

I. Where the case is one purely of an equitable character, no declarations of law are necessary; and if made, will be disregarded in this court—Conran v. Sellew et al., 28 Mo. 320; Hunter v. Miller et al., 36 Mo. 143.

The answer in this case sets up and insists on an equitable defence, and the finding and decree of the court are of equitable character. If the testimony be sufficient to uphold them, the decree will be affirmed without regard to declarations of law given or refused.

II. The court committed no error in refusing to strike out Campbell's amended answer—R. C. 1855, p. 1253, § 39.

III. The courts of this State have jurisdiction to determine titles to lands lying in the State, in a contest between

citizens in this State, although such contest involve the construction of acts of Congress in cases where such acts do not invest the officers of Government with an absolute discretion in determining the rights of parties claiming land. Where titles have emanated and a contest arises, the local courts must *ex necessitate rei* determine the validity of such titles, and decide upon the legality of the officers' acts—Perry v. O'Hanlon, 11 Mo. 585, 590–94; Hill v. Miller, 36 Mo. 182.

IV. By the act of Congress of August 4, 1854, defendant Campbell had an unquestionable right to enter the land in controversy at the graduated price—10 U. S. Stat. at Large, p. 574. An infant in law is not incapable of making a valid contract for the purchase of land. His contracts, executory or executed, are voidable or confirmable at his election. And after an infant makes a valid contract with the Government and complies with its terms for the purchase of land, no subsequent act of the ministerial officers of Government or of Congress itself can impair the obligation of that contract—Zouch v. Parsons, 3 Burr. 1804; 1 W. Black, 575; 2 Kent's Com. 31; Tucker v. Moreland, 10 Pet. 59, 71; 1 Am. Lea. Cas. 248; Kean v. Boycott, 2 H. Black, 515.

V. The courts of this State will interfere and exercise jurisdiction, 1. When the act in question is plainly fraudulent, or in violation of law; 2. When the act complained of is not within the scope of the ministerial officers' power. And he who induces the officers of the law to do an act not within the scope of their power, and thereby acquires an interest in land which of right belongs to another, holds such interest in trust for that other — Hill v. Miller, 36 Mo. 190 ; Stoddard v. Chambers, 2 How. 284, 318; 2 Sto. Eq., § 1255 et seq.

VI. The entry of the land in controversy by Campbell on the 25th day of September, 1854, was confirmed by the act of Congress approved March 3, 1857—11 U. S. Stat. p. 186. And such act of confirmation is a superior title to that conferred on plaintiff by the emanation of the patent after said act of confirmation was approved—Stoddard v. Chambers, 2

How. 284–318; Grignon's Lessee v. Astor, 2 How. 319, 344; Harrold et ux. v. Simonds et al., 9 Mo. 326.

VII. The finding of the court below on the whole case should have been for defendants, and the decree of the Circuit Court should therefore be affirmed—Hunter v. Miller et al., 36 Mo. 143; Tate v. Barcroft, 1 Mo. 163; 1 Mo. 313; 3 Mo. 472.

HOLMES, Judge, delivered the opinion of the court.

This was an action of ejectment. The plaintiff claimed title by virtue of a patent from the United States, dated the 3d day of November, 1857. The defendants claimed the same lands (situate in Pettis county) by entry under two duplicate receipts of the receiver of the land office for the proper district, dated September 25th, 1854, in the name of Wm. H. Campbell. It was proved that Campbell, at the time of the entry, was a minor, under twenty-one years of age; that he had taken possession of the land and made some improvements thereon, and that his right to make the entry had been contested by the plaintiff before the Commissioner of the General Land Office on the ground that he was a minor, and not entitled under the act of Congress to make the entry; and that for that reason the Commissioner had directed the entry to be set aside and cancelled, and that the plaintiff should be permitted to enter the land. The defendant's entry was accordingly cancelled, and the plaintiff thereupon entered the land, and received the patent.

The third section of the act of Congress, entitled "An act to graduate and reduce the price of the public lands to actual settlers and cultivators," approved August 4th, 1854, (10 U. S. Stat. p. 574,) provided "that any person applying to enter any of the aforesaid lands shall be required to make affidavit before the register or receiver of the proper land office, that he or she enters the same for his or her own use, and for the purpose of actual settlement and cultivation, or for the use of an adjoining farm or plantation owned or occupied by him or herself, and, together with said entry, he

or she has not acquired from the United States, under the provisions of this act, more than three hundred and twenty acres, according to the established surveys ; and if any person or persons taking such oath or affidavit shall swear falsely in the premises, he or she shall be subject to all the pains and penalties of perjury."

The act evidently contemplates persons who are at least *sui juris*, and capable of acting and contracting for themselves, and not persons who are, like married women and minors, subject to the dominion of another, as the husband or the father.  He must be capable of entering the land for his own use, and for the purpose of actual settlement and cultivation.  It appears to have been one object of the act to encourage actual settlers and cultivators.  It is obvious that these provisions did not contemplate minor children any more than married women.  It is plain that to allow the head of a family to make one entry for himself, another for his wife, and another for each one of his minor children, would be to extend the operation of the act beyond the intention of Congress.  We need not go so far as to say that no person whatever, under the age of twenty-one years, could be allowed to make an entry under the act.  A minor may become completely emancipated from the parental control before arriving at that age, and might be capable of fulfilling all the requisites of the law.  There is no proof that such was the case here.

Here the Commissioner of the General Land Office, upon an investigation of the matter, decided that this party did not come within the purview of the act, and that his entry was not made in conformity with its provisions, but was an evasion of the spirit and intent of the law.  We are now asked to declare that this officer went beyond his powers, and acted without authority of law.  This is not made to appear by anything contained in this record.  It is proved only that he was a minor.  It is not shown that he was capable of acting for himself as a person *sui juris*, nor that he came within the purview of the act by any construction

that can be given to it. It has been held, in many cases, that the courts will protect a party against the exercise of unlawful authority, or misconduct, on the part of public officers, when the party himself has done everything which the law requires of him to do. It was said in Perry v. O'Hanlon, 11 Mo. 590, that the federal officers derive their authority from the laws, and that when these acts are not in conformity to law, they cannot prejudice the rights of others; and that whether the law has been complied with or not, is necessarily a question for the judicial tribunal having jurisdiction of the case; but that where the courts have no power to look into their authority, or where their powers are judicial, or purely discretionary, their acts and decisions are conclusive, or not subject to revision by the courts. When they act in violation of law, or without authority of law, their action may be reviewed—Hill v. Miller, 36 Mo. 190. We cannot say that the action of the public officers in this case was either in violation of law, or without lawful authority. The defendants here assume the burden of showing that the patent was wholly void, or that, if valid, the defendants have the superior equitable title. They have failed to do either.

We are of the opinion, therefore, that the court erred in giving the instructions which were given for the defendant, and in refusing the second instruction asked for by the plaintiff.

It appears further, that after the cause had been tried and submitted to the court, and taken under advisement until the ensuing term, the defendants were allowed to file an amended answer, at that term, introducing new matter of defence, and stating a case for equitable relief, and then proceeded to give further instructions, and to find a verdict and give judgment without any new trial or hearing of the case.

A motion to strike out this amended answer was overruled, and an exception taken. We think such a proceeding entirely erroneous. The amendments went far beyond what

was contemplated by the statute on this subject—R. C. 1855, p. 1253, § 3. Such amendments should not be allowed to the prejudice of the rights of the other party.

A part of this amended answer was grounded upon the act of Congress of the 3d of March, 1857, entitled "An act to confirm certain entries of land therein named," which had been made under the graduation act of 1854. This act contained a proviso "that this act shall not be so construed as to confirm any of said entries which have heretofore been annulled and vacated by said Commissioner on account of frauds, evasion of laws, or other special cause." Upon the evidence in this case we are of opinion that the defendants' entries came within the exceptions contained in this proviso, and that they were not confirmed by this act of Congress. They had been annulled and vacated for the reason that they had been made in evasion of law.

The judgment will be reversed and the cause remanded. The other judges concur.